# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DUANE LETROY BERRY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CV-17-331-R |
| UNITED STATES OF AMERICA, | ) |  |
| Defendant. | ) |  |

## ORDER

Plaintiff filed this action against the United States of America, alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. On June 28, 2017, he was granted leave to proceed *in forma pauperis.* Even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis,* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of

1

entitlement to relief," the cause of action should be dismissed. Id. at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

In reviewing Plaintiff's Complaint, he moves the Court for injunctive relief and to "shut down the majority of the Bank of America branches in North Carolina, including its global headquarters, in order to settle the trust's debt . . ." *See* Complaint, pg. 2-3. Applying the most liberal construction to Plaintiff's Complaint, it is abundantly clear that his claims are frivolous and therefore, must be dismissed. Moreover, National Database

searches reveal that Plaintiff has filed this same action in other Courts across the Country, namely Michigan, Illinois, North Carolina and the District of Columbia.

Therefore, for the foregoing reasons, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. In light of this ruling, Plaintiff's Motion for Summary Judgment is DENIED AS MOOT.

IT IS SO ORDERED this 11th day of July, 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE